UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>ANGEL ANGULO ZAMBADA,<br><br>                    Defendant. | Case No. 22-cr-0808-BAS<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE (ECF No. 28)** |

On December 8, 2022, this Court sentenced Defendant Angel Angulo Zambada to 30 months in custody following his guilty plea to conspiracy to import methamphetamine. (ECF No. 27.)  Defendant now brings this Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c) and the U.S. Sentencing Commission's Amendment 821.  (ECF No. 28.)  Because, at the time of sentencing, the Court varied downward from Defendant's guideline range and because the § 3553(a) factors applied by the Court at that time are equally applicable after the guideline amendments, the Court **DENIES** Defendant's Motion.  (ECF No. 28.)

Defendant pled guilty to conspiracy to import methamphetamine after he attempted to drive a car across the border with 23.52 kilograms of methamphetamine hidden inside. (ECF No. 20.) At the time of sentencing, the Court found Defendant's base offense level began as a 38 but should be reduced to a 34 because of Defendant's minor role in the conspiracy. (Sentencing Tr., ECF No. 32.) The Court deducted an additional two points for minor role, two points for safety valve, and three points for acceptance of responsibility—for a base offense level of 27. (*Id.*) Defendant had no prior record, so his criminal history category was a I, and the resulting guideline range was 70–87 months. (*Id.*) The Court then departed downward four points for fast track and two points for aberrant behavior and because Defendant was unaware of the type and quantity of drugs he was carrying. (*Id.*) The resulting guideline range was 37–46 months. Considering the § 3553(a) factors, the Court then found that a variance below this guideline range was appropriate and sentenced Defendant to 30 months in custody. (ECF No. 27.)

Defendant now files a Motion for Reduction of Sentence based on retroactive guideline amendments. (ECF No. 28.) The Court referred this Motion to Federal Defenders pursuant to General Order 755 that directed Federal Defenders to work with the Government to determine whether a joint recommendation was appropriate in the case. (ECF No. 29.) Federal Defenders has now filed a Status Report concluding the Court "can decide the motion on the existing record without further assistance of counsel." (ECF No. 31.)

The U.S. Sentencing Commission adopted amendments to the U.S. Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

It is true that Defendant in this case would qualify for the additional two-point decrease.  He is a zero-point offender.  However, applying this additional departure to Defendant's guideline calculations reduces his guideline range to 30–37 months.  Because the Court varied below Defendant's original sentencing guideline range and sentenced him to only 30 months in custody, this 30-month sentence falls within the new guideline range after the amendment is applied.  Furthermore, the § 3553(a) factors considered by the Court in sentencing Defendant to 30 months in custody have not changed despite the change in Defendant's guideline range.  The Court still believes, considering all the § 3553(a) factors, that a 30-month sentence is sufficient but not greater than necessary notwithstanding the fact that this sentence is now within the guideline range and does not require a downward variance.

Therefore, the Court **DENIES** Defendant's Motion for Reduction of Sentence. (ECF No. 28.)

**IT IS SO ORDERED.**

DATED: March 18, 2024

Hon. Cynthia Bashant
United States District Judge